Reese, J.
delivered the opinion of the court.
It appears from the record before us, that one Mitchell Smith, on the 15th January, 1840, drew a bill of exchange for the sum of fifteen hundred dollars, on the house of Yeatman & Co., payable in four months, in favor of one Calvin Thompson, who endorsed the same to one William Y. Webb, who endorsed the same to the complainant, of whom, upon his endorsement, it was purchased by the defendant, the Bank of Tennessee, at its Branch in the town of Trenton. The bill, not being paid or taken up at maturity, by any of the parties, was duly protested for non-payment, and all the parties thereto duly and legally notified. Suit was not brought till an early day in June, 1841; but the suit then brought was prosecuted to judgment against the. complainant and some of the other parties. The complainant filed this bill to enjoin the collection of the judgment, upon the ground that he is entitled, in equity, to be discharged from its payment, because he had requested and notified the holder, the Bank, to bring suit upon the bill, which, said holder, contrary to such request and notice, omitted and delayed to do, until the pecuniary circumstances of these parties to the bill primarily liable and to whom he looked for his indemnity, had greatly changed, and until they became insolvent. This ground of equity in the bill, the notice op request to sue, is expressly denied in the answer of the defendant. The ground of equity itself, for its legal foundation, rests upon the authority of the cases of Hancock vs. Bryant, 2 Yerger, and Thompson vs. Watson, 9 Yerger. The principle óf those cases, we now think, goes to the verge of the law; yet in each case, the facts upon which that principle was made to rest were free from all doubt or dispute whatever; the no *442 tice or request was not only distinctly proved, but admitted. This case, in that respect, is altogether different — the notice is expressly denied in the answer, and if, upon the whole record, it be not disproved, it is certainly not distinctly or satisfactorily established by the testimony. It is unnecessary here to specify the various witnesses, or to collate or comment upon their testimony. If the case stood upon the proof adduced by the complainant, alone, the fact of the notice being given at all would remain ambiguous, and, if given, the time at which given would be doubtful; and it would not satisfactorily appear that the suit was not brought at the first court occurring in the county of complainant’s residence after the notice; and by the proof on the other side, it appears that, although the complainant, after the protest of the bill, manifested, at times, in his interviews with the Bank officers, uneasiness with regard to the payment of the bill by the other parties, and may have consulted them as to the propriety of taking steps to enforce collection, yet, on such occasions, he acquiesced in delay on the reported representations of such other parties as to their means, and their intended application of them; and not only so, but subsequently to such interviews, he himself, when the cashier threatened to bring suit, besought him to delay doing so till he, complainant, could see one of the other-parties who resided in a different county; in short, that no notice was in fact given to sue, till about the time that suit was actually brought. In relation, therefore, to certainty of facts, this case is as unlike as possible to the cases of Hancock vs. Bryant and Thompson vs. Watson; and, in such a state of facts, we cannot think of giving effect and application to a principle, which, as is here said, we are of opinion goes to the verge of the law.
Let the decree of the chancellor be affirmed.